IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARRY LEE HARCUM, )
　　　　　　　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　　　　　　　　 )
　　-vs- ) Civil Action No. 14-432
　　　　　　　　　　　　　　　　　　　　　　　　　　　　 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
　　　　　　　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　Defendant. )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8 and 10). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 7) and granting Defendant's Motion for Summary Judgment. (ECF No. 9).

**I.　　BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act").[1] Plaintiff filed his applications alleging he had been disabled since January 1, 2009. (ECF No. 3-6, p. 11). Administrative Law Judge ("ALJ"), William E. Kenworthy, held a hearing on June 19, 2012. (ECF No. 3-2, pp. 26-62). On August 23, 2012, the ALJ found that Plaintiff was not disabled prior to November 27, 2010, and was not

---

[1] Plaintiff also filed an application for supplemental security income ("SSI"). The ALJ found that Plaintiff was disabled as of November 27, 2010, and entitled to SSI. (ECF No. 3-2). Plaintiff is not appealing his award of SSI.
　The ALJ also found, however, that Plaintiff was not disabled at any time prior to November 27, 2010, and thus not entitled to DIB. *Id.* (Plaintiff's date of last insured was June 30, 2009. Plaintiff alleges he became disabled on January 1, 2009. Thus, to receive DIB, Plaintiff was required to demonstrate he became disabled between January 1, 2009, and June 30, 2009.) As a result, Plaintiff is only appealing the ALJ's decision as it relates to DIB and the ALJ's finding that he was not entitled to DIB.

under a disability within the meaning of the Act at any time through June 30, 2009, the date last insured. (ECF No. 3-2, pp. 14-21).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 7 and 9). The issues are now ripe for review.

## II.　LEGAL ANALYSIS

### A.　Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use

when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Medical Records Prior to Alleged Date of Disability</u>

Essentially, Plaintiff's issues surround the fact that he believes the ALJ erred in failing to give controlling weight to his medical records that existed prior to the alleged date of disability. (ECF No. 8, pp. 6-10). To that end, Plaintiff suggests that the ALJ was required to grant treating physician records prior to the alleged date of disability great and/or controlling weight. *Id.* Plaintiff submits, however, that while the ALJ acknowledged that "'there is some relevant medical history'" prior to the established onset date of disability, "the ALJ does not make reference to any of the medical records prior to that date, nor [does he] discuss their weight in the decision reached." *Id.* Specifically, Plaintiff points to four pages of medical records from the 1980s and 1990s indicating that Plaintiff had headaches and to limited medical records in 2002.

3

*Id.* As a result, Plaintiff argues that "[t]he ALJ erred in not discussing or taking into account these earlier records that clearly indicate a significant migraine disorder that required medical attention over a significant period of time." *Id.* at 8. After a review of the record and the submission of the parties, I disagree.

If evidence is not pertinent, relevant nor probative, an ALJ need not discuss it. *Johnson v. Comm'er of SS,* 529 F.3d 198, 204 (3d Cir. 2008). In this case, the time period at issue is January 1, 2009, Plaintiff's alleged onset date, through June 30, 2009, the date last insured. Prior to November of 2010, there are significant multi-year gaps in Plaintiff's medical treatment. Plaintiff did not seek any treatment since August of 2004 and, prior to that, the medical evidence Plaintiff proffered is extremely limited from the 1980s and 1990s. These outdated and extremely limited medical records can hardly be considered worthy of great weight when they do not suggest the existence of any limitation in Plaintiff's ability to work. The mere existence of a medical record or a diagnosis does not mean there is a limitation. *Petition of Sullivan,* 904 F.2d 826, 845 (3d Cir. 1990) (Claimant must show an impairment is "severe enough to preclude substantial work."); *Phillips v. Barnhart*, No. 03-2236, 2004 WL 474139 (3d Cir. March 10, 2004). The ALJ recognized there was some relevant medical history. (ECF No. 3-2, p. 17). In no way, however, do the records at issue indicate that Plaintiff cannot work. In fact, Plaintiff did work during that time period. Consequently, I find no error on the part of the ALJ in failing to discuss at length or give said records controlling weight.

I have reviewed the ALJ's opinion and I am able to sufficiently determine the basis for the same. Moreover, I find the ALJ's opinion is supported by substantial evidence. (ECF No. 3-2). Therefore, remand is not warranted in this case.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARRY LEE HARCUM,)
)
    Plaintiff,)
)
-vs-) Civil Action No. 14-432
)
CAROLYN W. COLVIN,)
COMMISSIONER OF SOCIAL SECURITY,)
)
    Defendant.)

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 9th day of February, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) is denied and Defendant's Motion for Summary Judgment (Docket No. 9) is granted.

                                  BY THE COURT:

                                  s/ Donetta W. Ambrose
                                    Donetta W. Ambrose
                                    United States Senior District Judge